IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEANDRO BERNAL CALDERON, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-20-1060-HE |
| ) | |
| WILLIAM BARR, et al., ) | |
| ) | |
|     Respondents. ) | |

**REPORT AND RECOMMENDATION**

Petitioner Leandro Bernal Calderon, an immigration detainee in the custody of the federal government, brings this action under 28 U.S.C. § 2241, alleging United States Immigration and Customs Enforcement (ICE) officials are detaining him unlawfully. (Doc. 1).[1] Appearing *pro s*e,[2] he seeks immediate release from the Moore Detention Facility in Okmulgee, Oklahoma – an ICE detention facility located within the territorial jurisdiction of the United States District Court for the Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b).

United States District Judge Joe Heaton has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). After a review of the petition and the applicable law, the undersigned

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Quotations are verbatim unless indicated.

[2] The Court construes Plaintiff's *pro se* filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

recommends transferring this matter to the United States District Court for the Eastern District of Oklahoma because Petitioner filed his case in the wrong court.[3]

## I. Discussion.

Petitioner states Respondent William Barr is responsible for the administration of ICE and has "ultimate custodial authority over Petitioner." (Doc 1, at 3). He identifies Respondent Chad Wolf as the Secretary of the Department of Homeland Security and as his "legal custodian." (*Id.*) He also identifies as his "immediate custodian" Respondent Marc Moore, whom he states is the "Office Director of the Dallas Field Office of ICE." (*Id.*) Finally, he names "Respondent Warden of Moore Detention Center" where Petitioner is "currently detained" as his "alternative[]" immediate custodian. (*Id.*) But "in habeas challenges to present physical confinement – core challenges – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (internal quotation marks omitted). Thus, the location of Petitioner's "immediate" custodian, who is the warden of the Moore Detention Facility, determines the proper forum for this action. *See id.* at 436 (holding "the immediate custodian rule"

---

[3] Petitioner has neither paid the $5.00 filing fee nor applied to proceed *in forma pauperis*. The undersigned previously ordered Petitioner to cure this deficiency by November 19, 2020. (Doc. 5). Petitioner has not, although did address the court via letter on November 30, 2020, noting his understanding that a close friend mailed a money order to the Clerk of this Court on November 13, 2020. (Doc. 6). To date, the money order has not been received. Upon the recommended transfer of this matter, Petitioner is advised to pay his filing fee or to apply to proceed *in forma pauperis* to the United States District Court for the Eastern District of Oklahoma.

generally applies "to habeas petitions challenging physical custody"). That Petitioner is not a convicted prisoner is not relevant here. *See Padilla*, 542 U.S. at 439 ("We have never intimated that a habeas petitioner could name someone other than his immediate physical custodian as respondent simply because the challenged physical custody does not arise out of a criminal conviction.").

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court interprets this language to require "that the court issuing the writ have jurisdiction over the custodian." *Padilla*, 542 U.S. at 442 (quoting *Braden v. 30th Jud. Circ. Ct. of Ky.*, 410 U.S. 484, 495 (1973)). Thus, jurisdiction over Petitioner's habeas petition lies in this district "only if [this court] has jurisdiction over" the warden of the Moore Detention Facility located in Okmulgee, Oklahoma. *Id*. It does not. *See id*. ("[W]ith respect to habeas petitions designed to relieve an individual from oppressive confinement, the traditional rule has always been that the Great Writ is issuable only in the **district of confinement**.") (internal quotation marks omitted) (emphasis added).

"Oklahoma is divided into three judicial districts . . . known as the Northern, Eastern, and Western Districts of Oklahoma." 28 U.S.C. § 116. Okmulgee, Oklahoma, is in Okmulgee County, Oklahoma,[4] which lies within the jurisdiction of the United States District Court for the Eastern District of Oklahoma. *See id*. § 116(b). Because Petitioner

---

[4] The undersigned judicially notes the location of Okmulgee. *See* Fed. R. Evid. 201(b); *see also United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial . . . .").

is not confined in Western District, this court lacks jurisdiction to grant Petitioner habeas relief. *See Padilla*, 542 U.S. at 443 ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

"Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631.[5] The petition could have been brought in the Eastern District of Oklahoma, where jurisdiction lies. The undersigned thus concludes it is "in the interest of justice" to transfer this action, and thus is required to do so. *Id*.

## II.     Recommendation and notice of right to object.

This court lacks jurisdiction to grant Petitioner habeas corpus relief. The undersigned therefore recommends the transfer of this action to the United States District Court for the Eastern District of Oklahoma.

**The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before December 26, 2020,** under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation

---

[5] "[T]he action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . ." this court. *Id*.

waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

ENTERED this 4th day of December, 2020.

*Amanda Maxfield Green*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE